IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ANTHONY SCOTT WHITE | § | |
| v. | § | CIVIL ACTION NO. 5:23cv146 |
| UNKNOWN WARDEN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Anthony White, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local CV-72 of the Local Rules of Court for the Eastern District of Texas.

Plaintiff's original complaint spoke in general terms about the conditions of his cell when he arrived at the Telford Unit and about being threatened and assaulted by his cellmate. He did not provide any dates or otherwise indicate when these incidents occurred.

On January 2, 2024, Plaintiff was ordered to pay the statutory filing fee of $405.00 or to seek leave to proceed *in forma pauperis* in accordance with 28 U.S.C. §1915(b). By separate order, Plaintiff was directed to file an amended complaint setting forth a short and plain statement of his claims. Although Plaintiff received copies of these orders on January 17, 2024, he has not complied. While he has filed a motion to amend his defendant list, a motion to amend the relief portion of his complaint, a motion for relief from retaliation complaining about his current classification, and a supplement containing handwritten copies of I-60 request forms, none of these motions comprise a short and plain statement of the Plaintiff's claims or can serve as the operative pleading in the case, as directed by the Court's order. In his supplement (Dkt. No. 10), Plaintiff states that he has $53.85,

1

but he does not furnish an application for leave to proceed *in forma pauperis* or a certified inmate trust account statement. Plaintiff has not complied with the Court's orders.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962). Plaintiff's failure to prosecute his case or to obey orders of the Court is demonstrated by his failure to file a proper amended complaint or to pay the filing fee or seek leave to proceed *in forma pauperis*.

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to comply with the Court's orders is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. It cannot be determined from the complaint when the incidents forming the basis of the claims took place, so a dismissal without prejudice could operate as a dismissal with prejudice because of the operation of the statute of limitations. Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice, with the statute of limitations suspended for a period of sixty (60) days following the date of entry of final judgment in this case. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988); *Rodriguez v. Holmes*, 963 F.2d 799, 802 (5th Cir. 1992).

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. It is further recommended that the statute of limitations be suspended for a period of sixty (60) days from the date of entry of final judgment in this case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 27th day of February, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE